IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES NEUREUTHER,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Case No.   13-cv-1327-SCW-DGW |
| **ATLAS COPCO COMPRESSORS, LLC, et al.,** | ) ) ) ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

On May 16, 2014, the Court held a hearing on all of the pending motions in this case. The following memorializes the Court's findings and rulings at that hearing:

**A.     Motions to Dismiss and/or for More Definite Statement**

The Court **GRANTS** Defendant Georgia Pacific LLC's Motion to Dismiss Second Count V [sic],[1] the willful and wanton spoliation of evidence claim   (Doc. 17); Gardner Denver's Motion to Dismiss Second Counts IV (sic) and V (sic) (Doc. 47); Foster Wheeler's Motion to Dismiss Counts IV (sic) and V (sic) (Doc. 50); John Crane Inc.'s Motion to Dismiss for Failure to State a Claim as to Plaintiffs' Counts IV (sic) and V (sic)(Doc. 72); Warren Pumps LLC's Motion to Dismiss Counts IV and V of Plaintiff's Complaint (Doc. 98); Imo Industries Inc.'s Motion to Dismiss Counts IV and V of Plaintiff's Complaint (Doc. 99); Buffalo Pumps Inc.'s Motion to Dismiss Counts IV and V of the Complaint (Doc. 100); GE Co.'s Motion to Dismiss for Failure to State a Claim as to Counts VI and VII (Doc. 131); and CBS Corp.'s Motion to Dismiss Counts IV and V of Plaintiff's Complaint (Doc. 187).   As it relates to the issue of negligent spoliation, Plaintiff has not alleged enough facts as to the

---

[1] Plaintiff's Complaint erroneously lists two Counts V and two Counts VI.   This order refers to the Counts V and VI that address spoliation.

Defendants in this case. Specifically, the Complaint does not do enough to allege a particular duty based on knowledge of an impending lawsuit. If the Plaintiff can develop evidence in the course of discovery that defendants could anticipate lawsuits and that they should have preserved evidence, it may be appropriate to file a motion for leave to amend in order to reinstate the claim. As to the claims for willful and wanton spoliation, Illinois law has never recognized this claim. The Court will dismiss all willful and wanton counts without prejudice. Should the Illinois Supreme Court recognize the claim during the pendency of the case or should Plaintiff present evidence that would place the claim squarely in a forum that does recognize the claim, Plaintiff may seek leave to amend. Both counts dismissed without prejudice.

As to the other counts in the Complaint, these are plausible counts that satisfy notice pleading standards. Discovery will be allowed to proceed as to these counts. The Motions to dismiss the negligent counts as to counts other than spoliation are **DENIED**. Motion for more definite statement also **DENIED**. The Court finds that there are sufficiently definite statements of the claims in the Complaint.

B.   Motions for Institution of Denials and/or Motions to have all Counterclaims Deemed Filed

The Court next took up the pending Motion to have all counterclaims deemed filed and answered pursuant to F.R.C.P. 5(C)(1)(B). (Doc. 109). The Court noted that **Federal Rule of Civil Procedure 5(c)(1)(B)** allows, in an action involving an unusually large number of defendants, for replies to crossclaims, counterclaims, and affirmative defenses to be treated as denied by all other parties. As such, in this case, the Court will **DEEM** all crossclaims, counterclaims, and affirmative defenses as **DENIED** by all other parties and, thus, the parties need not file answers to such claims. However, Rule 5 does not speak to the treatment of the counterclaims, crossclaims, and affirmative defenses themselves, which Defendants further seek to be deemed filed. The Court noted that, to the

extent the parties want to simplify their filings and the docket, they could agree to a stock submission as to these claims. Thus, the Court **DIRECTED** the parties to meet and confer as to a stock submission regarding crossclaims, counterclaims, and affirmative defenses and submit the stock order to the Court's proposed order's email, SCWpd@ilsd.uscourts.gov, for the Court's review. If all parties agree to the stock order, the Court will then file the order with the understanding that everyone has signed on to the order. To the extent that certain parties do not agree to certain parts or to the stock order as a whole, those concerns need to be addressed in the email to the Court. Further, to the extent that some Defendants have already filed crossclaims, the Court deems those operative but are also deemed denied under Rule 5(c)(1)(B). If a party wishes to respond to a crossclaim beyond a simple denial of the claims, then they must specifically file an Answer or sign on to the stock order. The Court also extends the time limit for filing crossclaims, counterclaims, and affirmative defenses until the stock order issue is decided.

**C.     Discovery Related to Trust Claim Forms**

This matter has been briefed in writing in *Greenleaf v. Atlas Copco Compressors, LLC, et al.*, No. 14-51, Docs. 73 & 84. As an initial matter, the Court finds that trust claims documents are discoverable. It appears to the Court that the parties are in agreement over the release of the amounts of settlements. Said amounts will be redacted by agreement. Plaintiff shall provide releases so that defendants may subpoena the relevant information. The release shall direct that the subpoenaed information not contain settlement numbers. Information produced pursuant to subpoenas shall go to Plaintiff's counsel to confirm that the settlement numbers have been redacted. Plaintiff's counsel shall have ten (10) days after receipt of such information to get the information to the defendants. Plaintiffs shall also produce any documents submitted to bankruptcy trustees that are properly requested through requests to produce.

**D.     Deposition Issues**

Lastly, the Court took up a new issue regarding deposition time limits for Plaintiff.  Counsel for Plaintiff had previously indicated to Defendants his intention to enforce **Federal Rule of Civil Procedure 30(d)(1)** which sets a limit on a deposition to one day of seven hours.  Defendants expressed concerns about this limitation due to the amount of Defendants in this case and the current health of Plaintiff.  Counsel for Plaintiff anticipates that Plaintiff, given his decline in health, will not be able to participate in a full seven hour deposition in a single day and agrees that a deposition should be taken on a day to day basis and, in return, is willing to accommodate a longer deposition time limit for Defendants.  Accordingly, the Court **DIRECTED** that the deposition of the Plaintiff would be extended to twelve (12) hours on a day to day basis to complete the full deposition time (in anticipation that Plaintiff would not be able to complete the full amount of time in one day).  Each Defendant will be allowed time to ask questions of the Plaintiff at the deposition and the Court reminded the parties that they need to work together to ensure that this is accomplished within the time limit set by the Court.  The Court will also entertain further extensions of the deposition time on a case by case basis.

**IT IS SO ORDERED**.
DATED: May 20, 2014.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge