IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES NEUREUTHER,

        Plaintiff,

    vs.

ATLAS COPCO COMPRESSORS, L.L.C.,
et al.,

        Defendants.

Case No. 13-cv-1327-SMY-SCW

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Defendants CBS Corporation's ("Westinghouse"), Motion in Limine to Exclude the Testimony of Matthew A. Vuskovich, M.D., M.S.P.H. (Doc. 305) in which Crane Co. and Warren Pumps joined (Docs. 315 & 319). Defendants state that Dr. Vuskovich's testimony should be excluded under *Daubert v. Merrell Dow Pharm., Inc.* 509 U.S. 579 (1993) because (1) Dr. Vuskovich is not qualified to render an expert opinion, (2) Dr. Vuskovich's opinions are based on insufficient information and are therefore unreliable, and (3) Dr. Vuskovich's theories of exposure as they relate to disease are unreliable. Plaintiff filed a timely Response (Doc. 326). For the following reasons, Defendant's Motion is **DENIED**.

    Defendant's Motion is subject to the liberal standards embodied in Federal Rule of Evidence 702 (see *United States v. Hall*, 165 F.3d 1095, 1106 (7th Cir. 1999)) and *Daubert*, in which the Supreme Court established the test for evaluating the reliability of expert testimony. See *Manpower, Inc. v. Ins. Co. of Pa.*, 732 F.3d 796, 806 (7th Cir. 2013) (*Daubert* "remains the gold standard for evaluating the reliability of expert testimony.").

    The Seventh Circuit's Opinion in *Smith v. Ford Motor Co.*, 215 F.3d 713 (7th Cir. 2000) provides the framework for analyzing Defendant's first argument for the exclusion of Dr.

Vuskovich's testimony. To determine if an expert is qualified to testify on a particular matter, a court should "consider a proposed expert's full range of practical experience as well as academic or technical training." *Smith*, 215 F.3d at 718. Generalized knowledge within an area is not generally enough to qualify an expert:

> [A]n expert's qualifications must be within the same technical area as the subject matter of the expert's testimony; in other words, a person with expertise may only testify as to matters within that person's expertise. Generalized knowledge of a particular subject will not necessarily enable an expert to testify as to a specific subset of the general field of the expert's knowledge.

*Martinez v. Sakurai Graphic Sys. Corp.*, No. 04 C 1274, 2007 WL 2570362, at * 2 (N.D. Ill. Aug. 30, 2007) (citing *O'Conner v. Commonwealth Edison Co.*, 807 F. Supp. 1376, 1390 (C.D. Ill. 1992), *aff'd*, 13 F.3d 1090 (7th Cir. 1994)).

Defendants argue that, because Dr. Vuskovich is not a radiologist or pulmonologist and has not conducted studies or published in his field, he "is clearly a hired gun" and should not be allowed to give expert testimony in this case (Doc. 305, p. 7). The Court finds this argument unpersuasive. According to Dr. Vuskovich's Curriculum Vita, he is a medical doctor licensed (at the time of the CV) in five states and board certified in Occupational Medicine (Doc. 305-4, p. 2-4). He is certified as a B Reader by the National Institute of Occupational Safety and Health in the Division of Respiratory Disease Studies, certified as a medical review officer by the American Association of Medical Review Officers and has served as a B-Reader Panel Member for the Kentucky Labor Cabinet Department of Workers' Claims. *Id* at p. 4-5. He has served as an Assistant Professor in University of South Florida's College of Public Health and Occupational Medicine Residency Program. *Id* at p. 2-3. He has read x-rays for asbestos and black lung evaluations almost daily since 2006 (Doc. 326-3, p. 7-8).

Having considered his full range of practical experience as well as his academic and technical training, the Court finds Dr. Vuskovich qualified to render an expert opinion as to Plaintiff's diagnosis and causation.  His qualifications are within the same technical area as the subject matter of his testimony.  The fact that Dr. Vuskovich is not a radiologist or pulmonologist does not render him disqualified.

Next, the Court must examine Defendant's challenges to the reliability of Dr. Vuskovich's opinions.  In *Daubert*,  the Supreme Court held that for scientific evidence to be admissible under Federal Rules of Evidence 702,  a District Court must find it both relevant and reliable; it must be scientific knowledge grounded "in the methods and procedures of science" and consist of more than "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 589-90.

Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of  fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

District judges have considerable discretion in deciding whether particular expert testimony is reliable.  *Manpower, Inc.*, 732 F.3d at 806 (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)).  Reliability is primarily a question of the validity of an expert's methodology, not the quality of his data or of the conclusions produced.  *Id*.  A district judge who unduly scrutinizes the quality of the expert's data and conclusions, rather than the reliability of the methodology he employed, usurps the role of the jury.  *Stollings v. Ryobi*

*Techs., Inc.*, 725 F.3d 753, 766 (7th Cir. 2013); *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000).

When evaluating expert testimony under Rule 702, the preliminary question is "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. Considerations include whether a theory or technique is capable of being or has been tested, whether it has been subjected to peer review and publication, its known or potential rate of error when applied, and whether it has gained general acceptance. *Id*. at 593-94; *accord Conn*, 297 F.3d at 555.

Rule 702's advisory committee's note suggests courts also consider:

> (5) whether "maintenance standards and controls" exist; (6) whether the testimony relates to "matters growing naturally and directly out of research they have conducted independent of the litigation," or developed "expressly for purposes of testifying"; (7) "[w]hether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion"; (8) "[w]hether the expert has adequately accounted for obvious alternative explanations"; (9) "[w]hether the expert is being as careful as he would be in his regular professional work outside his paid litigation consulting"; and (10) "[w]hether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give."

Fed. R. Evid. 702 advisory committee's note (2000 amends.); *accord Fuesting v. Zimmer, Inc.*, 421 F.3d 528, 534-35 (7th Cir. 2005), *vacated in part on other grounds*, 448 F.3d 936 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 1151 (2007).

In this case, Plaintiff retained Dr. Vuskovich to establish that Plaintiff's exposure to asbestos was the cause of his bilateral pulmonary asbestosis (Doc. 326, p.1). Defendants contend that Dr. Vuskovich relies on an "every exposure" theory to support his finding of asbestosis and argue that this theory does not meet the "substantial factor" requirement. It is true that the

"every exposure" theory has been rejected by some federal and state courts as unscientific and unsubstantiated by evidence. See, e.g., *Lindstrom v. A–C Prods. Liab. Trust*, 424 F.3d 488, 492–93 (6th Cir. 2005); *Smith v. Ford Motor Co.*, 2013 WL 214378, at *1–3 (D.Utah Jan. 18, 2014); *Betz v. Pneumo Abex, LLC*, 44 A.3d 27, 56–57 (Pa.2012) ("[W]e do not believe that it is a viable solution to indulge in a fiction that each and every exposure to asbestos, no matter how minimal in relation to other exposures, implicates a fact issue concerning substantial-factor causation[.]"). Other courts, however, have distinguished testimony suggesting that a *de minimus* exposure to asbestos could cause mesothelioma (rejected by the cases cited above) from testimony that each *significant* exposure to asbestos could be a cause. See, e.g., *Dixon v. Ford Motor Co.*, 70 A.3d 328 (Md. App. Ct. July 25, 2013) (explaining that expert's "opinion was based on evidence of repeated exposures ... to high-level doses of asbestos fibers ... and must be viewed in that light"). See also *In re Asbestos Prods. Liab. Litig.*, 2011 WL 605801, at *7 (E.D.Pa. Feb. 16, 2011) (allowing opinion that "any exposure to asbestos above 'background' [exceeding ambient levels] is a significant contributing factor to the development of mesothelioma").

Illinois law applies a "frequency, regularity and proximity rule" to establish causation in asbestos cases. *Thacker v. UNR Indus., Inc.*, 603 N.E.2d 449, 459 (1992) ("we agree with the appellate court that in order for the plaintiff to prevail on the causation issue there must be some evidence that the defendant's asbestos was put to 'frequent' use… in 'proximity' to where the decedent 'regularly' worked."). While evidence of "fiber drift" alone cannot support an inference of causation, "the fiber-drift theory does not contravene the substantial-factor test for causation and the amount of evidence needed to establish the regularity and frequency of exposure will differ from case to case." *Wehmeier v. UNR Indus., Inc.*, 572 N.E.2d 320, 337 (Ill. App. 1991).

The Seventh Circuit in *Tragarz v. Keene Corp.*, 980 F.2d 411 (7th Cir. 1992) cited *Wehmeier* in stating, "mesothelioma can result from minor exposures to asbestos products—a fact made evident by the medical testimony, OSHA regulations, and EPA regulations that are part of the record in this case." 980 F.2d at 421 (quoting *Wehmeier*, 572 N.E.2d at 337). The Seventh Circuit also quoted *Wehmeier* in holding, "[w]here there is competent evidence that one or a *de minimis* number of asbestos fibers can cause injury, a jury may conclude the fibers were a substantial factor in causing a plaintiff's injury." *Id.*[1] Thus, even if Dr. Vuskovich relies on an "every exposure" theory, such reliance would not render his testimony inadmissible.

Dr. Vuskovich does state that asbestosis is a cumulative disease, which "means that every exposure to asbestos contributes to the interstitial scarring in the lungs, which is asbestosis" (Doc. 326-1, p. 6). He also states, "it is not possible to say, within a reasonable degree of medical certainty, what the threshold exposure requirement is for asbestosis" (Doc. 326-1, p. 6). His opinion, however, takes into account Plaintiff's occupational history and his ultimate conclusion is that Plaintiff's exposures were not trivial. The Court finds nothing scientifically invalid about Dr. Vuskovich's theory under *Daubert*, nor any unjustifiable extrapolation as cautioned against by the Rule 702 advisory committee.

Turning to Dr. Vuskovich's report, Defendants contend that the report is based on insufficient and incomplete information and is therefore unreliable. The Court disagrees. Dr. Vuskovich examined Plaintiff and conducted an interview. (Doc. 305-3, p. 2-3). Dr. Vuskovich admits in his report that he is not Plaintiff's treating physician and that it "is not the usual course

---

[1] The Seventh Circuit has held similarly in the context of benzene exposure. In *Schultz v. Akzo Nobel Paints, LLC*, 721 F.3d 426, 429 (7th Cir. 2013), the district court had excluded an expert's medical causation testimony because the doctor opined that "there is no threshold" for safe exposure to benzene and failed to rule out the plaintiff's history of smoking as a potential cause of his leukemia. The Seventh Circuit explained that the expert should not have been excluded because "as a careful scientist [he] reserve[ed] the possibility that even less exposure might be dangerous," and "there is no rule requiring the exclusion of expert testimony just because the expert digresses into a collateral issue to explain where the frontier of research lies." *Id.* at 432.

of an examining physician to take steps to personally investigate the veracity the history given by the patient" (Doc. 305-3, p. 5). However, the report includes a summary of Plaintiff's occupational and military history which reveals asbestos exposure and an analysis of Plaintiff's chest x-ray (Doc. 305-1). Considering the scope of Dr. Vuskovich's anticipated testimony, the Court finds the information on which his report and opinions are based sufficient.

Accordingly, Defendants' Motion in Limine is DENIED.

**IT IS SO ORDERED.**

**DATE: August 18, 2015**                              s/   Staci M. Yandle
                                                       **STACI M. YANDLE**
                                                       **DISTRICT JUDGE**