IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES NEUREUTHER,

    Plaintiff,

vs.

CBS CORPORATION *f/k/a VIACOM, INC., successor by merger to CBS CORPORATION, f/k/a WESTINGHOUE ELECTRIC CORPORATION, Individually and as Successor-in-Interest to BF STURTEVANT CO, et al.*,

    Defendants.

Case No. 13-cv-1327-SMY-SCW

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Defendant CBS Corporation's ("Westinghouse") Motion for Summary Judgment (Doc. 292). Plaintiff responded (Doc. 337). For the following reasons, Defendant's motion is **DENIED.**

    Plaintiff alleges that he developed asbestosis as a result of inhaling, ingesting or otherwise absorbing large amounts of asbestos fibers from Westinghouse products during his Naval service aboard the *USS Perry* and in Naval shipyards from August, 1951 to April, 1955. Doc. 9-1, p. 3. Plaintiff brings claims of negligence and of willful and wanton misconduct. *Id* at p. 8-10.

    Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings

but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

Defendant first argues that it is entitled to summary judgment because Plaintiff cannot show that asbestos attributable to Westinghouse was a substantial factor in causing his injury. The Court disagrees. Plaintiff has produced evidence demonstrating the presence of Westinghouse forced draft blowers operating within the fire room in which Plaintiff was assigned while aboard the *USS Perry* (Doc. 337-1, p. 7, 17). Westinghouse concedes that its blowers were installed aboard the ship (Doc. 292, p. 8). Plaintiff testified in his deposition that he breathed the dust from working on these blowers when he removed asbestos-containing insulation that lined the side of the blowers with a knife and when he replaced the packing and gaskets on the blowers (*Id* at 268-270, 191-92).

Westinghouse also disputes that the asbestos-containing materials were manufactured or supplied by Westinghouse, but acknowledges that, pursuant to *Quirin v. Lorillard Tobacco*, 17 F. Supp. 3d 760 (N.D. Ill. 2014), the absorption of asbestos fibers from third-party components located within or on a Westinghouse boiler and known to be essential to the function of the Westinghouse boiler[1] is a sufficient basis to defeat a motion for summary judgment in this Court.

---

[1] Westinghouse claims that the Navy "affirmatively required the use of asbestos insulation" with Westinghouse boilers aboard the *USS Perry* (Doc. 292, p. 14).

2

See *Hasenberg v. Asbestos Corp.*, 2015 WL 1280216 (S.D.Ill Mar. 18, 2015). Aside from arguing that *Quirin* was wrongly decided and represents a misreading of established maritime law, Westinghouse has fallen short of showing that it is entitled to summary judgment as a matter of law. The evidence here is sufficient to support an inference that Plaintiff absorbed asbestos fibers attributable to Westinghouse during his years of naval service.

Westinghouse next asserts that it is entitled to summary judgment because it is shielded from liability pursuant to the government contractor defense. In *Boyle v. United Technologies Corp.*, the Supreme Court held that, under certain circumstances, government contractors are shielded from state tort liability for products manufactured for the United States' armed forces. 487 U.S. 500 (1988). In *Boyle*, the Supreme Court articulated a three-part test to determine if the government contractor defense applies. According to the *Boyle* test, Westinghouse must demonstrate the following in order to prevail on summary judgment: (1) the United States approved reasonably precise specifications for Westinghouse's equipment; (2) the equipment conformed to those specifications; and, (3) Westinghouse warned the United States about the dangers in the use of equipment that were known to Westinghouse but not known to the United States.

Westinghouse relies upon Admiral Roger B. Horne's Affidavit in asserting that its blowers were built according to Navy specifications and approved for installation by the Navy (Doc. 292-2). Horne's affidavit, however, illustrates Navy approval of the design of the "*USS Kitty Hawk*" and contains no specific references to Westinghouse blowers aboard the *USS Perry* (*Id* at p. 8-9). Plaintiff asserts that the affidavit describes only general specifications for shipbuilding, includes references to Westinghouse *turbines* (as opposed to Westinghouse forced draft *blowers*) and is therefore insufficient under *Boyle*. The Court agrees.

Westinghouse next argues that Plaintiff's claims are time-barred because they were not pursued within three years of their accrual pursuant to 46 U.S.C. § 30106. Plaintiff responds that, while he subjectively believed he had an asbestos-related disease years prior, he was not legally chargeable with knowledge until his diagnosis by Dr. Vuskovich on February 4, 2013. Under Illinois law, it is a question of fact whether a Plaintiff has sufficient information to make him legally chargeable with knowledge under the "discovery rule." *Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864 (Ill. 1981). The same is true under maritime law. *Pretus v. Diamond Offshore Drilling, Inc.*, 571 F.3d 478, 479 (5th Cir. 2009). Considering the parties' opposing arguments as to when Plaintiff should have been legally chargeable with knowledge of his asbestos-related injury, the Court finds a genuine issue of material fact exists precluding summary judgment.

For the foregoing reasons, Westinghouse's Motion for Summary Judgment is DENIED in its entirety.

**IT IS SO ORDERED.**

**DATE: August 27, 2015**                              **s/  *Staci M. Yandle*** 
                                                                                    **STACI M. YANDLE**
                                                                                    **DISTRICT JUDGE**