IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES NEUREUTHER, <br><br> Plaintiff, <br><br> vs. <br><br> CBS CORPORATION *f/k/a VIACOM, INC., successor by merger to CBS CORPORATION, f/k/a WESTINGHOUE ELECTRIC CORPORATION, Individually and as Successor-in-Interest to BF STURTEVANT CO, et al.,* <br><br> Defendants. | Case No. 13-cv-1327-SMY-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant John Crane, Inc.'s Motion for Summary Judgment and Memorandum in Support (Docs. 302 & 304).[1] Plaintiff responded (Doc. 339). For the following reasons, Defendant's motion is **DENIED.**

Plaintiff alleges that he developed asbestosis as a result of inhaling, ingesting or otherwise absorbing large amounts of asbestos fibers from John Crane Inc. products during his Naval service aboard the *USS Perry* and in Naval shipyards from August, 1951 to April, 1955. Doc. 9-1, p. 3. Plaintiff alleges negligence and of willful and wanton misconduct. *Id* at p. 8-10.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must

---

[1] John Crane, Inc. first filed its Motion for Summary Judgment at Doc. 299 and Memorandum in Support at Doc. 300. An identical motion and memorandum were filed on the same day at Docs. 302 and 304. The later-filed motion and memorandum are electronically linked to Plaintiff's response in opposition. Accordingly, the Court **DENIES as MOOT** the motion filed at Doc. 299.

present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

John Crane first argues that it is entitled to summary judgment because Plaintiff has not produced evidence that he worked with any John Crane Inc. products. The Court disagrees. Plaintiff testified in deposition that he recalled working with "Crane packing" and associated asbestos with that packing because it was written on the container (Doc. 339-1, p. 25). Defendant has admitted in response to interrogatories that John Crane Inc. was originally incorporated as the "Crane Packing Company" in 1917 and maintained that status until it changed its name to "John Crane Inc." in 1988 (Doc. 339-2, p. 2). Plaintiff has also produced evidence of Crane Packing Company's marketing of "Style No. 810 Square Braid Asbestos Packing" which is "representative of a series of braided 'JOHN CRANE' packings that include Blue Cape asbestos…." (Doc. 339-3, p. 2). Any confusion Plaintiff may have about the difference between Crane Co. and Crane Packing Company (John Crane Inc.) is of no consequence here. The Court has reviewed the evidence presented by Plaintiff and finds it sufficient to support an inference that Plaintiff was exposed to asbestos fibers attributable to John Crane Inc. during his years of naval service.

Defendant next asserts that it is entitled to summary judgment because, even if Plaintiff worked with its asbestos-containing packing, the contribution of the packing to Plaintiff's risk of

asbestos injury cannot be quantified.  Therefore, no "substantial factor" causation can be established under Illinois or maritime law.  Again, the Court disagrees.

Plaintiff testified that he replaced or added packing every time a valve leaked (Doc. 339-1, p. 23).  The removal process involved using a packing puller to bite into the old packing and pull it out (*Id*).  Sometimes the packing came out in pieces, and Plaintiff breathed the dust produced from it (*Id* at p. 32-33).  Plaintiff did not wear a face mask or respirator because the Navy did not have them (*Id* at p. 300).   Plaintiff's expert Industrial hygienist Jerome Spear has opined that Plaintiff's exposure to asbestos during his Naval service "more than likely exceeded, on a routine basis, historical and current occupational exposure standards for asbestos" (Doc. 339-8, p. 30).  This evidence is sufficient to defeat summary judgment on the issue of causation.

The same is true for Defendant's assertion that it had no duty to warn.  The hazards of breathing asbestos dust were well recognized by 1930 (Doc. 339-7, p. 5).  This evidence is sufficient to create an inference that Defendant knew or should have known that its product was unreasonably dangerous in its years of packing manufacturing. For the foregoing reasons, John Crane's Inc. Motion for Summary Judgment is denied in its entirety.

**IT IS SO ORDERED.**

**DATE: August 28, 2015**                                                     s/ *Staci M. Yandle*
                                                                              **STACI M. YANDLE**
                                                                              **DISTRICT JUDGE**